## Manufacturers' Record Publishing Company *v.* Holton, Appellant.

*Affidavit of defense—Principal and agent—Warranty.*

In an action brought by the proprietor of a trade paper for the price of an advertisement published pursuant to a written order, it appeared that the order had at its head the notice : " The publisher will not be responsible for any agreement not specified on this order." After this was a statement to the effect that the advertising rate given included a subscription to the paper. Then followed before the signature this detached sentence : " Illustrations of new machinery and trade notes free." The defendants filed an affidavit of defense in which they averred that they gave the order to an agent of the plaintiff who represented that " the said paper had the largest and best circulation of any similar paper in the south," and that the agent distinctly warranted and agreed with the defendants that an advertisement in the paper would result in additional business in excess of the cost of the advertisement. The defendants add that solely upon the representations set forth, they signed the contract and that it now appears that such representations were false and untrue ; that the said paper has not the largest circulation of any similar paper in the south, and is not a valuable advertising medium for the defendant. The defendants further allege that the plaintiff failed to furnish " illustrations of new machinery and trade notes." *Held*, that the affidavit of defense was insufficient.

Argued Dec. 10, 1902. Appeal, No. 142, Oct. T., 1902, by defendants, from order of C. P. No. 5, Phila. Co., March T., 1902, No. 1191, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of Manufacturers' Record Publishing Company v. Thomas J. Holton and Charles P. Miller, trading as Champion Machine Company. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit upon a contract in writing.

Suit was based upon the following paper :

" October 4, 1900. The publisher will not be responsible for any agreement not specified on this order.

" To MANUFACTURERS' RECORD PUBLISHING CO.

    Baltimore, Md.                   $4.04 per week.

    " You are hereby authorized to insert our advertisement in

the Manufacturers' Record one year, fifty-two times, and still forbid, to occupy total space of 312 inches per year.

"Commencing with issue of 1st August, 1900, for which we agree to pay at the rate of $4.04 dollars, per week, payable quarterly at the end of each quarter.

"The amount named above includes a subscription to the Manufacturers' Record at four dollars per year, and the Daily Bulletin of the Manufacturers' Record, at twenty-five dollars per year.

"Illustrations of new machinery and trade notes free.

(Signed)      "CHAMPION MACHINE CO.

"PER C. P. MILLER.

"Phila., Pa., 26, 7, 1900."

The affidavit of defense was as follows:

The written contract sued upon was obtained from the defendants because of the verbal representations and warranties made by the agent of the plaintiff company who solicited said advertisement as to the character and extent of the "Manufacturers' Record." The said agent of the plaintiff called upon the defendants and represented to them that the said paper had the largest and best circulation of any similar paper in the south, and after examining the business in which the defendants were engaged, he distinctly warranted and agreed with the defendants that an advertisement in the Manufacturers' Record would result in additional business for the defendants, largely in excess of the cost of said advertisement. Solely upon this representation, and relying thereon, the defendants signed the written contract.

It now appears that such representations were false and untrue; that the said paper has not the largest circulation of any similar paper in the south, and that the said paper is not in any way a valuable advertising medium for the defendants.

Defendants have not received any benefit whatever from said advertisement, and have not received orders on account of it exceeding or even amounting to the sum charged for said advertisement. Except for said representations said contract would not have been signed, as they were the inducement and moving cause for it.

Defendants further say that although said contract provides

122 MFRS.' RECORD PUB. CO. *r.* HOLTON, Appellant.

Statement of Facts—Opinion of the Court. [22 Pa. Superior Ct.

that the defendants were to receive the Daily Bulletin of the Manufacturers' Record and illustrations of new machinery and trade notes free as provided therein, the plaintiffs have failed to furnish the said illustrations of new machinery and trade notes; and defendants have never received any part of them.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*C. Wilfred Conard,* with him *Allen C. Middleton,* for appellant.

*Harris S. Sparhawk,* with him *Charles H. Edmunds,* and *John Sparhawk, Jr.,* for appellee.

OPINION BY WILLIAM W. PORTER, J., January 20, 1903 :

This suit is brought for the price of publishing and advertising, in the Manufacturers' Record, pursuant to a written order, designating the time, space and the price, an advertisement for the defendants. The order had at its head the notice, "The publisher will not be responsible for any agreement not specified on this order." The order further says that the advertising rate given includes a subscription to the Manufacturers' Record and the Daily Bulletin of the Manufacturers' Record. Then follows before the signature, this detached sentence, "Illustrations of new machinery and trade notes free." The defense contained in the affidavit is that the defendants gave the order to an agent of the plaintiff who represented that "the said paper had the largest and best circulation of any similar paper in the south," and that the agent distinctly warranted and agreed with the defendants that an advertisement in the Record would result in additional business in excess of the cost of the advertisement. The defendants add that solely upon the representations set forth, they signed the contract and that it now appears that such representations were false and untrue ; that the said paper has not the largest circulation of any similar paper in the south and is not a valuable advertising medium for the defendants. The affidavit further alleges that the plaintiff failed to furnish "illustrations of new machinery and trade notes."

As to the first matter, it is to be observed that the affidavit does not say that the Manufacturers' Record has not the largest " and best " circulation. The denial is not as broad as the allegation of representation. The language as set forth in the affidavit, even if used by the agent, was nothing more than puffing, which did not go beyond the extent permitted by law. As to the second matter, the affidavit does not say that the warranty set up is made by the agent for his principal. The affidavit is susceptible of the interpretation that the agent himself gave the warranty. Assuming that the agent had the authority to warrant and that he did for his principal, attempt to warrant, the language set up by the defendants in the affidavit scarcely goes beyond the expression of an opinion. Judging the contract by normal standards, the plaintiff's agent would be assuming an obligation wholly indeterminate at the time it was given. The language of the affidavit is not that of a warranty, in the words in which it was given, but more that of a prophecy.

Finally, the defendant says that the illustrations of new machinery and trade notes were not furnished. The writing attached to the statement evinces no binding obligation to issue illustrations and trade notes. The defendant undoubtedly became entitled to the benefit of any such as were issued by the plaintiff. No averment appears that " illustrations and trade notes " were published. No averment is made that the plaintiff did not send them.

The judgment is affirmed.